**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **EIGHTH & JACKSON INVESTMENT** | ) | |
| **GROUP, A KANSAS LIMITED** | ) | |
| **COMPANY, and HOWARD T. PAUL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-cv-4075-KHV** |
| | ) | |
| **KAW VALLEY BANK,** | ) | |
| **WILLIAM K. O'NEIL,** | ) | |
| **GEORGE M. HERSH, II, and** | ) | |
| **CREDITORS OF GEORGE** | ) | |
| **M. HERSH, II,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring an interpleader action seeking a determination of defendants' respective interests in the proceeds from the sale of a limited liability corporation membership interest.  This matter comes before the Court on plaintiffs' Motion For Leave To File Brief Under Seal (Doc. #27) filed October 8, 2012.  Plaintiffs ask the Court to seal their motion for discharge and permanent injunction along with exhibits thereto.  The only stated reason to seal these documents is that the exhibits contain information regarding plaintiffs' business and finances which plaintiffs wish to remain confidential.

Federal courts have long recognized a common-law right of access to judicial records.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.  Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City

of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

In support of their motion to file documents under seal, plaintiffs allege only that the exhibits contain information which they wish to remain confidential. Motion For Leave To File Brief Under Seal (Doc. #27) at 1 and brief and Exhibits A through E attached thereto. Plaintiffs do not suggest why this information, if disclosed, might be harmful to either party. Neither do plaintiffs demonstrate that redaction would be insufficient to protect any information which is legitimately confidential personal information. Pursuant to Section II., I. of the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, plaintiffs may redact personal data as set forth therein.[1]

_____

[1]      The procedure includes the following directive:

To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:

1.      Social Security numbers: Use only the last four numbers;

(continued...)

As in <u>Helm</u>, plaintiffs have not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records.  The Court therefore overrules the motion to file under seal.

**IT IS THEREFORE ORDERED** that plaintiffs' <u>Motion For Leave To File Brief Under Seal</u> (Doc. #27) filed October 8, 2012 be and hereby is **OVERRULED**.

Dated this 23rd day of October, 2012 at Kansas City, Kansas.

<u>s/  Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
2. Minors' names: Use the minors' initials;

3. Dates of birth: Use only the year; and

4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.

In addition, parties may modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information.)

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, § II., I.