IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

EIGHTH & JACKSON INVESTMENT      )
GROUP, A KANSAS LIMITED COMPANY, )
and HOWARD T. PAUL,              )
                                 )
           Plaintiffs,           )
                                 )
      v.                         )      Case No. 12-4075-RDR
                                 )
KAW VALLEY BANK,                 )
WILLIAM K. O'NEIL,               )
GEORGE M. HERSH, II, and         )
CREDITORS OF GEORGE M. HERSH, II,)
                                 )
           Defendants.           )
_____)

<u>MEMORANDUM AND ORDER</u>

This is an interpleader action brought by the plaintiffs, Eighth & Jackson, a Kansas limited liability company, and Howard T. Paul, pursuant to 28 U.S.C. § 1335 and Fed.R.Civ.P. 22. This matter is presently before the court upon plaintiffs' motion for discharge and entry of permanent injunction. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.[1]

I.

Plaintiffs named four defendants in its complaint: Kaw Valley Bank (KVB); William K. O'Neil; George M. Hersh, II; and creditors of

---

[1]Following the filing of the briefs by the parties, defendant Kaw Valley Bank filed a surreply. Kansas Valley Bank did so without leave of the court. Plaintiffs responded with a motion to strike Kaw Valley Bank's surreply. This motion shall be granted. "The rules of this court do not provide for the filing of surreplies." <u>McShares, Inc. v. Barry</u>, 979 F.Supp. 1138, 1341 (D.Kan. 1997). Leave of the court must be obtained prior to filing a surreply. <u>Id</u>. Since Kaw Valley Bank did not seek leave of the court prior to filing its surreply, plaintiffs' motion shall be granted. The surreply shall be disregarded by the court.

George M. Hersh, II.  Plaintiff Paul is a member of Eighth & Jackson.
Defendant Hersh is a former member of Eighth & Jackson.  The
following allegations are contained in the complaint.  On or about
June 18, 2008, defendant Hersh pledged his membership interest in
Eighth & Jackson to KVB as security for a promissory note made by
Hersh to KVB.  On or about March 5, 2012, plaintiff Paul and defendant
Hersh entered into a membership purchase agreement in which Paul
agreed to purchase the membership interest in Eighth and Jackson from
Hersh for $110,000.  As a condition precedent to Paul's purchase,
Hersh was required to obtain a release of KVB's security interest in
the membership interest.  Shortly after the execution of the
agreement and with Hersh's knowledge and consent, Paul tendered the
purchase money to KVB in exchange for its release of its security
interest in the membership interest.  KVB declined to accept the
purchase money at that time claiming that the book value of the
membership interest was not representative of its actual fair market
value.  KVB continues to refuse to accept the purchase money from
Paul to release its security interest.  Notwithstanding its refusal
to release its lien, KVB and its counsel have indicated to plaintiffs
and their counsel that KVB would not contest the transfer of the
membership interest to Paul.  Accordingly, Paul has tendered the
purchase money to Hersh and to KVB, making Paul the rightful owner
of the membership interest.

2

On or about June 8, 2012, plaintiff Eighth & Jackson received service of a charging order charging Hersh's interests in a number of Kansas entities--including Eighth & Jackson--with payment of a judgment entered in favor of defendant O'Neil and against Hersh by the United States District Court for the Central District of California.

Eighth & Jackson claims no interest in the purchase money. Paul claims no interest either, to the extent that he is adjudged the rightful owner of the membership interest. Paul asserts that he does not know which of the named defendants is the proper recipient of the purchase money.

Plaintiffs seek the following relief: (1) that Paul be adjudged the sole owner of the membership interest, free and clear of any interest claimed by any of the defendants; (2) that each of the defendants be restrained from instituting any action against Paul for recovery of the purchase money; (3) that each of the defendants be restrained from instituting any action against Eighth & Jackson relating to the membership interest; (4) that the defendants be required to interplead and settle among themselves their respective rights to the purchase money; (5) that plaintiffs be discharged in full from any and all liability in the premises except to the person or persons to whom the court shall adjudge entitled to the purchase money; and (6) that plaintiffs be awarded their costs and fees.

II.

Since the filing of the complaint, plaintiffs have deposited $110,000 with the court. Default judgments have been entered against defendants O'Neil, Hersh and the Unknown Creditors of Hersh.[2] Plaintiffs filed the instant motion on October 24, 2012. In their motion, plaintiffs request that they be discharged from this case and that a permanent injunction be entered restraining all defendants from instituting a proceeding affecting the stake at issue in this case. Plaintiff argue that they should be discharged because (1) the requirements of 28 U.S.C. § 1335 have been satisfied; (2) they have no liability to O'Neil, Hersh or any of the unknown creditors of Hersh; and (3) they have no further liability to KVB. They also contend that (1) Paul should be adjudged the sole owner of the membership interest; and (2) they should be awarded fees and costs out of the purchase money.

In response, KVB has argued that interpleader relief is not available to the plaintiffs because Paul is not a "disinterested party." KVB further contends that it is not only entitled to the proceeds from the sale of the membership interest, but that its

---

[2] A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue. See, e.g., Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 132-33 and 133 n. 4 (4th Cir. 1984); New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95-96 (2nd Cir. 1983).

4

security interest remains attached to the membership interest and cannot be severed by the court.

III.

This is a statutory interpleader based upon 28 U.S.C. § 1335 and a rule interpleader based upon Fed.R.Civ.P. 22.  Under § 1335, the district court has original jurisdiction over any interpleader action or in the nature of an interpleader action when a person or corporation has in his or its custody money or property in the amount of $500.00 or more and there are two or more adverse claimants of diverse citizenship who are claiming entitlement to the money or property.  28 U.S.C. § 1335(a) and (a)(1).  Rule 22 allows interpleader where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund. Fed.R.Civ.P. 22(a)(1).  Under rule interpleader, there is no special provision concerning subject matter jurisdiction.  Thus, Rule 22 provides only a procedural vehicle for invoking rule interpleader. Jurisdiction must come from a statutory grant of jurisdiction, such as federal question (28 U.S.C. § 1331) or diversity of citizenship (28 U.S.C. § 1332).

An interpleader action typically involves two stages. Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3rd Cir. 2009). At the first stage, the court determines whether interpleader is proper and "whether to discharge the stakeholder from further

5

liability to the claimants." Id.  At the second stage, the court evaluates "the respective rights of the claimants to the interpleaded funds." Id.

The court begins by determining whether the requirements for a rule or statutory interpleader have been met.  There appears to be no dispute on whether the requirements of § 1335 are met here. Plaintiffs have shown this is an action involving more than $500 where two or more adverse claimants of diverse citizenship are claiming entitlement to the fund. KVB has offered nothing to indicate that the requirements of § 1335 have not been met here.  Accordingly, the court finds that the plaintiffs have met the statutory requirements for an interpleader action.

The court, however, fails to find that it has subject matter jurisdiction over plaintiffs' rule interpleader.  Under rule interpleader, the complete diversity rule requires that the stakeholder be a citizen of a different state from every claimant. Lummis v. White, 629 F.2d 397, 400-01 (5th Cir. 1980), rev'd on other grounds, 457 U.S. 85 (1982).  Here, plaintiffs are citizens of Kansas and at least two of the defendants are citizens of Kansas. Accordingly, the court lacks subject matter jurisdiction to consider plaintiffs' rule interpleader claim.

Having determined that plaintiffs have met the requirements of § 1335, the court must next consider whether this is an appropriate

6

case for interpleader. KVB has suggested that plaintiffs, and especially Paul, are interested stakeholders and, therefore, should not be allowed to proceed.

Historically, under strict interpleader, an interested plaintiff was denied interpleader relief. See Bradley v. Kochenash, 44 F.3d 166, 168 (2nd Cir. 1995). The rules of interpleader were later relaxed and "a bill 'in the nature of interpleader' became available in order to 'guard against the risks of loss from the prosecution in independent suits of rival claims where the plaintiff himself claim[ed] an interest in the property or fund which [wa]s subject to the risk.'" Id. (quoting Texas v. Florida, 306 U.S. 398, 406-07 (1939)); see also State Farm Fire & Cas. Co. V. Tashire, 386 U.S. 523, 532 n . 9 (1967); Ashton v. Josephine Bay Paul and C. Michael Paul Found., Inc., 918 F.2d 1065, 1069 (2nd Cir. 1990)(recognizing that an interpleader plaintiff need not be wholly disinterested as "neither the language of Section 1335 nor the resultant case law limits interpleader jurisdiction to cases in which the plaintiff has conceded liability to one or all of the defendants"). Therefore, even if one or both of the plaintiffs is an interested party in this action, plaintiffs' complaint for interpleader is proper.

The court must next consider whether plaintiffs are interested or disinterested stakeholders here. When a court decides that an interpleader action is appropriate, it may discharge a disinterested

7

stakeholder from further liability. 28 U.S.C. § 2361; see Wright,
Miller & Kane, 7 Fed. Prac. & Proc. Civ. § 1714, p. 627 (3d ed. 2001).
Courts will not discharge an interpleader stakeholder who is not
disinterested, that is, where the stakeholder has some claim to the
property at issue in the interpleader. See Bankers Trust Co. Of
Wertern New York v. Crawford, 559 F.Supp. 1359, 1365 (W.D.N.Y. 1983).

A determination of this issue requires the court to consider
some puzzling arguments from the plaintiffs. In their complaint,
plaintiffs acknowledged the security interest asserted by KVB.
There was no indication that the security interest did not apply or
was unlawful or was invalid. Rather, the plaintiffs readily
suggested that it did apply. Plaintiffs indicated that the security
interest should be released because the purchase money paid for the
membership interest by Paul was now in excess of the book value of
membership interest. In its reply to KVB's response, plaintiffs
spends much of its brief arguing that the security interest is
invalid. At one point, plaintiffs state: "Plaintiffs do not even
acknowledge that KVB has a valid security interest." In another part
of the brief, plaintiffs state that they "now categorically deny that
any of Hersh's assignments are enforceable against [Eighth & Jackson]
or its members."

Moreover, in the complaint, plaintiff Paul certainly indicated
that he was an "interested party" to this litigation. He asked the

8

court to determine that he was the "sole owner of the Membership Interest; *free and clear of any interest claimed by any of the defendants*." (emphasis in original).   In their reply brief, plaintiffs take contradictory positions.   On the one hand, plaintiffs plainly state that they are disinterested parties. Nevertheless, they state that "[t]heir only interest in this matter is in seeing that the Purchase Money is paid to the correct party *and that no further claims exist in relation to the Membership Interest that will interfere with the ongoing business of Eighth & Jackson.*

      Plaintiffs then argue as follows:

> In its Response, KVB claims that, because Paul seeks "a finding that KVB is entitled to the Purchase Price and also a finding that KVB's security interest in the Membership Interest is severed," he is "very much an interested party." To clarify, Paul does not seek a finding that KVB is entitled to the Purchase Money. Rather, the Plaintiffs simply acknowledge that KVB is the only defendant left standing and thus is, by default, entitled to those funds.
> Further, Paul is not asking that the Court sever KVB's security interest; Plaintiffs do not even acknowledge that KVB has a valid security interest. Rather, Plaintiffs have asked the Court to find that Plaintiffs' payment of the Purchase Money discharges them from all further liability to all defendants for Paul's purchase of the Membership Interest.

      Although plaintiffs have attempted to cast themselves in the mold of a classic disinterested stakeholder, the comparison appears ill-suited based upon the claims asserted and relief requested.

Plaintiffs have requested relief indicating that they are interested parties in this case.  Paul has suggested that he wants the court to find that KVB is entitled to the money deposited with the court **and** to find that KVB no longer has a security interest or any other claim to his membership interest in Eighth & Jackson.  A request for such relief makes him and probably Eighth & Jackson an interested party to the deposited money.

Finally, the court must consider whether this action is a proper interpleader given the relief sought by plaintiffs.  In their reply, plaintiffs have indicated that their request for relief in this case is conditional.  They want the instant action considered an interpleader only if the court determines that KVB has no security interest in the membership interest.  In the event that the court decides that KVB does have a continuing security interest in the membership interest, then plaintiffs request that the funds be returned to Paul, that Eighth & Jackson be adjudged the owner of the membership interest, and that KVB be adjudged an assignee of the membership interest, entitled only to the rights of an assignee as set forth in K.S.A. 17-76,112.

The court sees several problems with this request.  First, plaintiffs have made no such request for relief in their complaint. Without any request for such relief in the complaint, the court cannot grant it.  Second, the court is not persuaded that such relief is

appropriate in an interpleader action.  Plaintiffs cannot seek
interpleader relief on a conditional basis.

Interpleader is a procedural device used to resolve conflicting
claims to money or property.  It enables a person or entity in
possession of a tangible res or fund of money to join in a single
suit two or more "claimants" asserting mutually exclusive claims to
that stake.  In this case, plaintiffs have deposited $110,000 with
the court.  Generally, the only issue in interpleader actions is "who
is entitled to the fund and in what proportions." United States v.
Major Oil Corp., 583 F.2d 1152, 1158 (10th Cir. 1978).  Plaintiffs,
however, want the court to not only determine who owns the fund but
also to issue a declaratory judgment that Paul's membership interest
in Eighth & Jackson is now free and clear of any alleged security
interest of KVB.  The court believes that it lacks the power to do
so.  Plaintiffs have suggested, without citing any authority, that
28 U.S.C. § 2361 provides the court with "broad latitude" to grant
relief in interpleader actions.  Plaintiff also states: "Further,
Section 2361 specifically states that a district court may discharge
an interpleader plaintiff from further liability to all claimants
and enter a permanent injunction restraining all claimants from
instituting or prosecuting any proceeding affecting the property
involved in the interpleader action." The court believes that
plaintiffs have read § 2361 much too broadly.  That statute does give

11

the court power to "make all appropriate orders to enforce its judgment." But, the court can award the $110,000 to KVB without ruling on whether the security interest remains attached to the membership interest. In fact, the court, after awarding the $110,000 to KVB, can issue a permanent injunction restraining KVB from prosecuting or pursuing any proceeding affecting the $110,000. This does not mean that the court has the power to preclude KVB from additional actions pursuing the security interest that remains with the membership interest purchased by Paul. Thus, the court is not at this time persuaded that it has the power to provide the conditional relief requested by plaintiffs in this case.

With these comments, the court shall deny plaintiffs' motion to discharge. The court finds that plaintiffs have properly asserted a statutory interpleader action, at least to the extent that they do not seek the aforementioned conditional relief. The court, however, finds that plaintiffs are interested parties in this case and not entitled to discharge at this time. The court shall subsequently proceed to stage two of this action when the parties file a motion for summary judgment on the determination of who is entitled to the fund. The parties have spent much of their briefs here arguing this issue, but the court believes that it is better resolved on a motion for summary judgment. The court shall grant the plaintiffs' motion for injunction. The court shall restrain KVB

12

from instituting or litigating any proceeding affecting the stake at issue in this case until further order of the court.

IT IS THEREFORE ORDERED that plaintiff's motion for discharge and entry of permanent injunction (Doc. # 29) be hereby granted in part and denied in part. The court finds that plaintiffs have properly asserted a statutory interpleader action. Plaintiff shall not, however, be discharged at this time.

IT IS FURTHER ORDERED that plaintiffs' claim based upon rule interpleader be hereby dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that defendant Kaw Valley Bank be hereby enjoined and restrained from instituting or prosecuting any proceeding in any State or United States court affecting the property involved in this action until further order of the court.

IT IS FURTHER ORDERED that plaintiffs' motion to strike Kaw Valley Bank's surreply (Doc. # 36) be hereby granted. The surreply filed by defendant Kaw Valley Bank (Doc. # 35) shall be disregarded by the court.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2013 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

13